IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK JONES,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL DENTAL SOLUTIONS, LLC, BRAD ABRAMSON, and HAL ABRAMSON,<br><br>    Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff MARK JONES brings this Complaint for damages and other relief against Defendants GLOBAL DENTAL SOLUTIONS, LLC, BRAD ABRAMSON, and HAL ABRAMSON, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), for failure to pay overtime wages.

### PARTIES

2. Plaintiff MARK JONES ("Jones") is a citizen of Georgia and resides in Mableton, Georgia.

3. Defendant GLOBAL DENTAL SOLUTIONS, LLC ("Global") is a Georgia company.

4. Global's principle office is located at 8215 Roswell Road, Building 500, Atlanta, Georgia, 30350.

5. Global may be served with process by delivering copies of the Summons and this Complaint to Global's registered agent, Bard Abramson, at 8215 Roswell Road, Building 500, Atlanta, Georgia, 30350.

6. Defendant BRAD ABRAMSON is a natural person and a resident of Georgia.

7. Brad Abramson is the president of Global and its registered agent.

8. Brad Abramson may be served at 8215 Roswell Road, Building 500, Atlanta, Georgia, 30350 or wherever he may be found.

9. Defendant HAL ABRAMSON (collectively with Global and Brad Abramson "Defendants") is a natural person and a resident of Georgia.

10. Hal Abramson is the vice president of Global.

11. Hal Abramson may be served at 463 Duke Drive, Marietta, Georgia 30066 or wherever he may be found.

## JURISDICTION

12. The Court has original jurisdiction over Jones' claims for violation of the FLSA pursuant to 28 U.S.C. § 1331, because these claims raise questions of federal law.

13. The Court has personal jurisdiction over Global, because Global is a Georgia company, and Jones' claims arise out of his employment with Global.

14. The Court has personal jurisdiction over Brad Abramson as he is a resident of Georgia.

15. The Court has personal jurisdiction over Hal Abramson as he is a resident of Georgia.

## VENUE

16. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

17. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in the Atlanta Division, because the activity from which the cause of action arose took place in Fulton County.

## FACTUAL ALLEGATIONS IN SUPPORT OF
## PLAINTIFF'S CLAIM FOR UNPAID OVERTIME

18. While working for Defendants, Jones was engaged in interstate commerce and/or in the production of goods for commerce.

19. By way of example, Defendants operate a dental laboratory which handles dental products that have traveled in interstate commerce.

20. Global qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

21. Brad Abramson qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. Hal Abramson qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23. Jones was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

24. In the three years prior to the filing of this Complaint, Defendants have been and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

25. In the three years prior to the filing of this Complaint, Defendants have been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

26. In the three years prior to the filing of this Complaint, Defendants have employed one or more individuals who handled materials that traveled in interstate commerce.

27. In each of the three years prior to the filing of this Complaint, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.

28. Defendants' annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

29. Jones worked as an employee for Defendants from approximately September 1, 2008 to July 29, 2016.

30. Jones worked for Defendants as an incoming and shipping representative.

31. Defendants paid Jones on a bi-weekly basis.

32. Jones received wages subject to being raised or lowered based upon the hours or days worked.

33. Global's general hours of operation are from 9am to 5pm.

34. Jones often worked in excess of 40 hours per week.

35. Jones typically arrived early in the mornings to perform work on behalf of Defendants.

36. Jones typically worked late in the evening to perform work on behalf of Defendants.

37. Jones' primary job duties were to open packages, to sort and arrange their contents, and to package and ship approved product.

38. Jones was required to follow a specific process in receiving packages, processing packages, and sending packages.

39. Defendants knew Jones worked overtime.

40. Defendants Brad and Hal Abramson both worked at the same location as Jones on a regular basis.

41. Defendants supervised Jones' work on a regular basis.

42. Defendants observed Jones' work on a regular basis.

43. Defendants required Jones to submit his work for their approval each day before he left the jobsite.

44. Defendants do not maintain a *bona fide* plan covering absences caused by illness or disability.

45. On information and belief, Defendants did not provide to Jones a *bona fide*, written plan covering absences caused by illness or disability.

46. On information and belief, Defendants did not rely on any written guidance issued by the U.S. Department of Labor, Wage and Hour Division, when

developing or implementing any policies, procedures, and/or practices concerning wages and hours.

47. Global's offices are closed for two weeks each year.

48. Jones frequently worked for Defendants, performing his regular job duties during said office closures.

49. Brad Abramson helped to create Defendants' payroll policies and procedures.

50. Hal Abramson helped to create Defendants' payroll policies and procedures.

51. Brad Abramson enforced Defendants' payroll policies and procedures

52. Hal Abramson enforced Defendants' payroll policies and procedures

53. Defendants failed to keep accurate time records of all hours worked by Jones.

54. For example, Defendants did not track Jones' work hours using a timekeeping system.

55. Defendants violated the recordkeeping requirements of the FLSA.

56. For example, Defendants did not keep track of Jones' hours worked each day.

57. Defendants failed to pay Jones for all hours worked in excess of 40 per week at a rate of not less than one and one-half times his regular rate.

58. Defendants knew or should have known that Jones worked hours in excess of 40 during certain workweeks for which he was not compensated.

59. Defendants unlawful practices resulted in Plaintiff working hours in excess of 40 in certain workweeks for which he was not compensated at one and one half times his regular rate of pay.

### COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES

60. Defendants permitted Jones to perform work in excess of 40 hours per week during certain work weeks.

61. Defendants failed to compensate Plaintiff for all hours worked in excess of 40 per week at a rate of not less than one and one-half times his regular rate.

62. Defendants chose not to compensate Plaintiff at the required overtime premium rate despite Defendants' knowledge that failure to pay an overtime premium rate was a violation of the FLSA given Plaintiff's job duties.

63. Defendants' decision with respect to Plaintiff's compensation shows a knowing or reckless disregard for Plaintiff's rights under the FLSA.

64. By failing to compensate Jones at not less than one and one half times his regular rate for all hours worked over 40 per week, Defendants violated the FLSA.

65. Defendants' violations of the FLSA were willful.

## DEMAND FOR JUDGMENT

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully requests:

(a) A declaratory judgment against the Defendants that they violated the FLSA;

(b) A declaration that Defendants' violations of the FLSA were willful;

(c) A monetary judgment against Defendants for all unpaid overtime wages, an equal amount as liquidated damages, and reasonable costs and attorney fees; and

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: October 24, 2016.

|  |  |
|---|---|
| MAYS & KERR, LLC<br>235 Peachtree Street NE<br>North Tower \| Suite 202<br>Atlanta, GA 30303<br>T: (404) 410 – 7998<br>F: (404) 855 – 0820<br>william@maysandkerr.com<br>john@maysandkerr.com | /s/ William S. Cleveland<br>William S. Cleveland<br>Georgia Bar No. 721593<br>John L. Mays<br>Georgia Bar No. 986574<br><br>Counsel for Plaintiff |