**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARK JONES,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL DENTAL SOLUTIONS, LLC, BRAD ABRAMSON, and HAL ABRAMSON,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:16-cv-03964-TWT |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Mark Jones and Defendants Global Dental Solutions, LLC, Brad Abramson, and Hal Abramson jointly move for approval of their settlement and show as follows:

1. Plaintiff Mark Jones ("Jones") filed his Complaint (ECF No. 1) on October 24, 2016, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

2. Defendants Global Dental Solutions, LLC, Brad Abramson, and Hal Abramson ("Defendants") filed their Answer (ECF No. 9) on March 3, 2017, and denied key material allegations and asserted defenses.

3. Discovery commenced on or about April 3, 2017.  During discovery, Jones and Defendants exchanged initial disclosures and engaged in settlement discussions, enabling each party to understand and assess the detail and substance of their respective claims and defenses.

4. Based upon the understandings and assessments of each party, Jones and Defendants negotiated and entered into a Settlement Agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**.

5. In entering the Settlement Agreement, Jones and Defendants acted at arms' length, in good faith, and with the advice of counsel.

6. If approved, the Settlement Agreement will provide Jones with monetary consideration substantially equivalent to what he might have been awarded, while considering the risk of a judgment in Defendants' favor.

7. Both Jones and Defendants agree that there are significant questions of law and fact in dispute in this case which affect each Parties' respective probability of success on the merits.

8. Through significant investigation and negotiations, Jones and Defendants have reached an informed and reasonable resolution of this matter.

9. Jones and Defendants agree that if they continue to litigate the instant claims, they would be forced to engage in further costly litigation.

10. Jones and Defendants further agree that this settlement is a reasonable means for both Parties to minimize future risks and litigation costs. Therefore, with advice of counsel, the Parties have elected to enter into the Settlement Agreement, and they are satisfied with the terms and conditions contained therein.

11. Jones and Defendants agree to the amounts to be paid to Jones' attorneys, and therefore, no judicial scrutiny of the attorney's fees is required. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *3-4 (M.D. Fla. Dec. 26, 2006) (the FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action).

12. Should judicial approval of the fee be required, Jones' counsel would show that counsel's fee is appropriate based on the circumstances of this case. The Parties agree that, under the circumstances of this case, Jones' counsel's negotiated compromise fee is reasonable in light of the amount of time and resources, multiplied by an appropriate rate, they have invested in this case drafting pleadings and other documents, performing factual investigations, negotiating this settlement, and other matters.

13. Finally, the amount of counsel's fees is consistent with the terms of Jones' fee agreement, which provides for the payment of fees in an amount equal to the greater of either 40% of any sums recovered or counsel's fees calculated at their regular hourly rates.

14. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), the Parties submit that judicial approval is required to give effect to Jones' release of FLSA claims, which is material to the enforceability of the Settlement Agreement.

15. A proposed Order is attached hereto as **Exhibit 2**.

WHEREFORE, the Parties move this Court for a review and approval of their Settlement Agreement.

Respectfully submitted: October 3, 2017.

/s/ William S. Cleveland
Georgia Bar No. 721593
John L. Mays
Georgia Bar No. 986574

**POOLE HUFFMAN LLC**
315 W. Ponce de Leon Avenue
Suite 344
Decatur, Georgia 30030
Main: (404) 373-4008
Direct: (404) 446-1010
john@poolehuffman.com
william@poolehuffman.com
**Counsel for Plaintiff**

/s/ David L. Pardue (signed with express written consent)
Georgia Bar No. 561217
Baylie M. Fry
Georgia Bar No. 198303
**OWEN, GLEATON, EGAN, JONES & SWEENY, LLP**
1180 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30309
T: (404) 688-2600
F: (404) 525-4347
dpardue@owengleaton.com
bfy@owengleaton.com
**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiff hereby certifies the foregoing has been electronically filed using the CM/ECF system, which will send notification of such filing to all of the counsel of record in this action.

Respectfully submitted: October 3, 2017.

**POOLE HUFFMAN LLC**
315 W. Ponce de Leon Avenue
Suite 344
Decatur, Georgia 30030
Main: (404) 373-4008
Direct: (404) 446-1010
william@poolehuffman.com

/s/ William S. Cleveland
William S. Cleveland
Georgia Bar No. 721593
william@poolehuffman.com

## CERTIFICATION

Pursuant to Local Rule 7.1D, counsel for the Parties hereby certify that this document has been prepared with Times New Roman Font (14 point).