# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made by **Global Dental Solutions, LLC, Brad Abramson, and Hal Abramson** (together "Defendants"), and **Mark Jones** ("Jones"), regarding his claims for unpaid wages under the Fair Labor Standards Act ("FLSA").

This Agreement is made as a compromise between Jones and by Defendants (collectively, the "Parties") for the complete and final settlement of their claims, differences, and causes of actions raised by Jones as more fully detailed herein.

## RECITALS

WHEREAS, Jones filed suit against Defendants asserting his claims at issue in this Agreement in the case styled *Mark Jones v. Global Dental Solutions, LLC, Brad Abramson, and Hal Abramson*, Case No. 1:16-cv-03964-TWT, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendants deny Jones' allegations regarding his claims.

WHEREAS, on August 8, 2017, the Parties arrived at an agreement to settle Jones' claims.

WHEREAS, Defendants deny, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Jones' claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Jones' claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Jones' claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Jones and Jones' counsel believe the settlement as provided in this Agreement is in the best interests of Jones and represents a fair, reasonable, and adequate resolution of his claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.     Consideration:**  In order to resolve Jones' FLSA claims and each and every claim that was asserted in the Litigation, Defendants agree to pay a total of $41,439.19 (collectively the "Settlement Payment"):

1

  (i)  $23,000.00 to Jones as overtime wages and liquidated damages;
  (ii)  $16,489.19 to Jones' counsel for attorney's fees and costs; and
  (iii)  All unpaid costs of mediation invoiced by Mediator Chad Shultz, $1,950.

**B.**  **Settlement Payment and Taxes:**

  1.  $11,500 of the settlement amount to Jones for his overtime claim Section (A)(i) shall be allocated to settlement of Jones' claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining $11,500 of the settlement amount to Jones for overtime wages in Section (A)(i) shall be allocated to settlement of Jones' claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported on IRS Form 1099-MISC. The payments will be made in two (2) installments as follows: (i) the first payment due to Jones shall be paid in the amount of $12,000 (made payable to Jones for back pay ($6,000) and liquidated damages ($6,000)), and shall be paid within ten (10) days of the Court's approval of the Agreement ("Approval Order"), and the second payment due Jones in the amount of $11,000 (made payable to Jones for back pay ($5,500) and liquidated damages ($5,500)) and shall be paid within six (6) months of the due date of the first payment.

  2.  The payment to Jones' counsel for attorneys' fees and costs pursuant to Section (A)(ii) shall be paid to "Poole Huffman" ("Jones' Counsel") by separate checks without any deduction for any taxes or other withholdings (the "1099 fee payment"). The first payment of $8,000 shall be paid within ten (10) days of the Approval Order. The next payment for attorneys' fees in the amount of $8,489.19 shall be paid no later than six (6) months after the first payment is due.

  The 1099 fee payments shall be processed by 1099 issued to Jones' Counsel using a W-9 for Poole Huffman, LLC, and reported on IRS Form 1099-MISC. The settlement amounts paid to Jones' Counsel for fees and costs constitute payment of Jones' attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4).

  3.  Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Jones is not relying on any information provided by Defendants concerning the tax consequences of payments made under this Agreement. Nothing herein shall operate as a release of Defendants' obligation for the employer's share of FICA and Medicare for the payment in Paragraph A. Jones shall be responsible for any withholding or tax liabilities regarding the 1099 payment as required by law.

  4.  Payment by the dates specified in Subsections 1 and 2 above shall be made by delivery of payment to Jones' Counsel's office by the date provided in this Agreement.

  5.  Defendants will pay the unpaid mediation costs directly to the Mediator.

**E.**  **Court Approval:** Within ten (10) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the

terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Jones' Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Jones' attorneys' fees to be paid to Jones' Counsel out of the total Settlement Payment.

**E.     No Admission of Liability:**  The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by either party. The Parties deny any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Waiver of Reinstatement**.  Jones waives any right to reinstatement or future employment with, and he shall not knowingly apply for employment with Defendants or other entities which, after reasonable research, Jones determines are related to it.

**G.     Construction**.  The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

**H.     No Transfer:**  Jones represents and warrants that he has not pledged, assigned, transferred or conveyed, or purported to pledge, assign, transfer, or convey, voluntarily, involuntarily, or by operation of law, any claims against the Defendants, or any part or portion thereof, to any person or entity.

**I.     Remedies:**  Jones agrees that, should he breach this Agreement, Jones shall (a) refund the Settlement Payment and (b) indemnify all Released Parties from any and all damages, losses, liabilities and costs (including reasonable attorneys' fees) resulting from Jones' breach of this Agreement. No right or remedy conferred by this Agreement is intended to be exclusive of any other right or remedy, and each and every such remedy shall be cumulative with and in addition to any other right or remedy given hereunder or now or hereafter existing at law or in equity.

Defendants agree that if they should breach this Agreement in the form of non-payment, they will be responsible for all attorney fees and costs of litigation associated with any action brought by Jones to recover sums due under this agreement.

**J.     Prevailing party:**  In any action or proceeding involving the interpretation or enforcement of, or defense against, any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover its reasonable attorneys' fees and all costs and expenses incurred in connection with such action or proceeding from the non-prevailing party. In addition, the non-prevailing party shall pay all costs and expenses incurred in enforcing any judgment or award or in connection with any appeal, and this obligation shall be severable from the other provisions of this paragraph and shall survive any judgment, order or award and shall not be deemed to be merged therewith.

**K.     Severability of Provisions:**  After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.  If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**L.     Knowing and Voluntary Waiver:**  The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning.  When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**M.     Choice of Law:**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**N.     Extension of Time:**  The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**O.     Amendments/Modifications:**  No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**P.     Binding Agreement:**  This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**Q.     No Third-Party Beneficiaries:**  This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**R.     References and Anti-Retaliation:**  Defendants are aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agrees to comply to the extent required by law.  Defendants agree to respond to any inquiries regarding Plaintiff by providing only a neutral reference stating his dates of employment, job title, and last rate of pay, to the extent that information is requested.

**S.     Entire Agreement:**  This Agreement constitutes the final and entire agreement between the Parties with respect to its subject matter, and supersedes any prior or contemporaneous negotiations, discussions or understandings between the Parties with respect to such subject matter.  This Agreement may be amended, modified, revised, waived or supplemented only by written instruments signed by both Parties.

**T.     Captions:**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**U.     When Agreement Becomes Effective; Counterparts:**  This Agreement shall become effective after execution upon approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**V.     Facsimile Signatures:**  Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**W.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**X.     Continuing Jurisdiction:**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**Y.     Invalid Without Court Approval:**  This Settlement Agreement and Release is subject to approval by the United States District Court for the Northern District of Georgia in the Litigation.  In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation.  In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release.

**Z.     Security.**:  Brad Abramson and Hal Abramson jointly and severally personally guarantee the payments required by this Settlement Agreement.  In addition, the Parties agree that, in the event payments are not paid pursuant to this Settlement Agreement (a "Default"), a Consent Judgment will be entered against Global Dental Solutions, LLC, Brad Abramson, and Hal Abramson in the amount of any amounts which remain outstanding and owing under this Agreement at the time of the Default.

**AA.     Waiver of Jury Trial**.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BOTH PARTIES HEREBY WAIVE ANY RIGHT TO JURY TRIAL IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.  EACH PARTY HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL REPRESENTING THAT PARTY AND CONSENTS TO SUCH WAIVER WITH FULL UNDERSTANDING OF THE CONSEQUENCES THEREOF.

IN WITNESS WHEREOF, the parties have signed this Settlement Agreement to be effective as of the date last indicated in the signature blocks below.

**Global Dental Solutions, LLC.**

Signature _____

Name _____

Title _____

Date _____

**Brad Abramson**

Signature _____

Name _____

Title _____

Date _____

**Hal Abramson**

Signature _____

Name _____

Title _____

Date _____

**Mark Jones**

Signature  *[signed]*

Date  9-21-2017

IN WITNESS WHEREOF, the parties have signed this Settlement Agreement to be effective as of the date last indicated in the signature blocks below.

|  | **Global Dental Solutions, LLC.** |  | **Mark Jones** |
|---|---|---|---|
| Signature | *[signed]* | Signature | |
| Name | Brad Abramson | Date | |
| Title | President | | |
| Date | 9-28-17 | | |

**Brad Abramson**

| | |
|---|---|
| Signature | *[signed]* |
| Name | Brad Abramson |
| Title | President |
| Date | 9-28-17 |

**Hal Abramson**

| | |
|---|---|
| Signature | *[signed]* |
| Name | Hal Abramson |
| Title | Vice President |
| Date | 9-28-17 |

6